UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORRAINE DIPALERMO and PATRICK
CLYMER, an individual

    Plaintiffs,

v.                                     Case No:   2:14-cv-538-FtM-38MRM

ANCHOR INN OF SANIBEL, LLC,
TROPICAL WINDS, INC., ANCHORAGE
COMPANY, L.L.C. and LOWELL T.
SPILLANE,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Amended Joint Motion for Approval of Settlement Agreement (Doc. 35) and Mediated Settlement Agreement (Doc. 35-1) filed on October 27, 2015.  Plaintiffs Lorraine DiPalermo and Patrick Clymer ("Plaintiffs") together with Defendants Anchor Inn of Sanibel, LLC, Tropical Winds, Inc., Anchorage Company, L.L.C., and Lowell T. Spillane ("Defendants") request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.   The parties previously submitted a Joint Motion for Approval (Doc. 33), but the Court noted a $9 (nine dollar) discrepancy in the Joint Motion and the Mediated Settlement Agreement (Doc. 33-1).   Based on that discrepancy, the Court ordered the parties to file the instant amended motion explaining the discrepancy. (Doc. 34).   After review of the amended submissions, the Court now recommends that the settlement agreement be approved.

To approve the settlement of an FLSA claim, the Court must determine whether the

settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id*. at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id*. When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, Plaintiffs alleged that Defendants committed overtime wage violations under the FLSA. (Doc. 35 at 1 ¶ 1 (citing Doc. 1)). Defendants deny Plaintiffs' allegations and assert that they properly compensated Plaintiffs. (*Id.* at 2 ¶ 2 (citing Doc. 15)). Additionally, Defendants contend that reasonable grounds existed for them to believe that they were in compliance with the FLSA and that they acted in good faith. *Id.* Based on these contentions, *bona fide* disputes exist in this case.

The parties agreed to settle this action to avoid the time and expense of litigation. (*Id.* at ¶ 3). The parties further indicate that the settlement provides substantial benefits in the form of certainty and avoiding the risks of litigation. (*Id.* at ¶¶ 3 and 6).

In the present motion, a $9 (none dollar) discrepancy still exists between the Amended Joint Motion (Doc. 35) and the Mediated Settlement Agreement (Doc. 35-1). Specifically, the Mediated Settlement Agreement indicates that the total consideration payable on behalf of Plaintiffs is $35,865.00, while the Amended Joint Motion indicates that the total is actually $35,856.00. In the Amended Joint Motion, the parties state that this $9 discrepancy is due to a typographical error in the Mediated Settlement Agreement and that the lesser $35,856.00 amount represents the parties' actual understanding and intentions concerning the total consideration to be paid in settlement. (Doc. 35 at 3-4 ¶ 10). Based on the parties' representations, the total amount of the settlement, including attorneys' fees, is $35,856.00. (*Id.* at 3 ¶ 9). Plaintiff DiPalermo will receive $10,678.00, representing both unpaid wages and liquidated damages. (*Id.* at 3(a)). Plaintiff Clymer will receive $10,678.00, representing both unpaid wages and liquidated damages. (*Id.* at 3(b)). After review, the Court finds that the terms of the Mediated Settlement Agreement are reasonable as to wages and liquidated damages.

Additionally, Defendants agreed to pay $14,500.00 representing Plaintiffs' reasonable attorneys' fees and costs in this action. (Doc. 35-1 at 2 ¶ 3(c)). As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's

settlement. In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the present case, the amount of attorneys' fees was negotiated as a separate amount apart from the amount to be paid to Plaintiffs. (Doc. 35 at 3 ¶ 7). Because attorneys' fees and costs were determined separately and apart from Plaintiffs' recovery, the Court finds that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs.

Without contradictory evidence, the Mediated Settlement Agreement (Doc. 35-1) appears to be a fair and reasonable resolution of the parties' FLSA issues.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Amended Joint Motion for Approval of Settlement Agreement (Doc. 35) be **GRANTED** and that the Mediated Settlement Agreement (Doc. 35-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that the parties' Joint Motion for Approval of Settlement Agreement (Doc. 33) be **DENIED AS MOOT**.

3) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the District Judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Respectfully recommended in Chambers in Fort Myers, Florida on November 9, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties